UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TONY COLIDA,                                        :

                       Plaintiff,          :        06 Civ. 0257 (PAC)

  - against -                                       :        MEMORANDUM
                                                                           OPINION & ORDER
SONY ERICSSON MOBILE                                :
COMMUNICATIONS USA, INC.,
                                                                                 :

                       Defendant,

                                                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        HONORABLE PAUL A. CROTTY, United States District Judge:

        Pro se Plaintiff Tony Colida ("Plaintiff" or "Colida") sued Defendant Sony Ericsson Mobile Communications USA, Inc. ("Defendant" or "Sony Ericsson") for infringement of United States Design Patent No. 321,347 ("'347 patent"),[1] a cellular phone design. Specifically, he alleges that Sony Ericsson infringed his patent by manufacturing and marketing its model Z-500 cellular phone ("Z-500"),[2] resulting in damages of approximately $1,000,000. When Colida brought this action on January 11, 2006, he was also granted in forma pauperis status.[3] On April 4, 2006, Defendant moved to dismiss Plaintiff's complaint on various grounds.

---

[1] A copy of the patent, including a description and various diagrams, is attached to the Complaint as Ex. 1.

[2] For diagrams of the Z-500 phone, see Def.'s Mot. to Dismiss 4.

[3] As will be gleaned from the Memorandum Opinion & Order, Plaintiff's in forma pauperis complaint borders on "frivolous or malicious" under 28 U.S.C. § 1915(e)(2)(b)(i), which would mandate dismissal. Other courts, including the Court of Appeals for the Federal Circuit, have sanctioned Plaintiff for filing frivolous claims, see e.g., Colida v. Sanyo North Amer. Corp., 2004 WL 2853034 (Fed. Cir. 2004) (sanctioning Plaintiff for filing a frivolous appeal of a district court's ruling in favor of defendant for summary judgment involving the '347 patent), and have dismissed his complaint based on the "frivolous or malicious" provisions of the in forma pauperis statute. See, e.g., Colida v. Sony Corp. of Amer. et al., Civ. No. 05-cv-1405 (S.D. Cal. 2005) (holding that Plaintiff's attempt to "pursue the same allegations" against the "same named defendant over this same ['347] patent" concerning a different product of the defendant's was frivolous). It is also questionable whether Colida honestly and accurately stated his income on the in forma pauperis affidavit by not disclosing settlement payments received from prior patent litigation, nor the estimated value of his patents. Because the Court dismisses the complaint on alternative grounds, it does not rule on the merits of his in forma pauperis complaint.

For the reasons stated below, the Court holds that Plaintiff's claim is barred by principles of <u>res judicata</u> and grants Defendant's motion to dismiss.

## BACKGROUND

Colida is the owner of the now-expired '347 patent for a "Portable Cellular Handset Telephone," issued by the United States Patent Commission on November 5, 1991. Defendant Sony Ericsson manufactures, markets and sells cellular phones, including the Z-500 model at issue. Colida is no stranger to patent infringement litigation. He has previously filed at least twenty lawsuits against Sony Ericsson[4] and other cellular phone manufacturers[5] alleging patent infringement; no court has ever found in his favor on such a claim. Recently, the Court of Appeals for the Federal Circuit sanctioned Colida for "repeatedly filing nonmeritorious infringement complaints and then repeatedly prosecuting nonmeritorious appeals." <u>Colida v. Sanyo N. Am. Corp.</u>, Civ. No. 04-1287 (Fed. Cir. 2004) (nonprecedential opinion). The current case is the second action Colida has filed against Sony Ericsson for infringement of the '347 patent. In the first case, Colida alleged that Sony Ericsson's model Z-600 cellular phone ("Z-600") infringed the '347 patent. United States District Court Judge Richard Holwell granted

---

[4] In 1993, Plaintiff sued Sony Corporation for infringement of United States Design Patent D321,184, in the Northern District of New York. <u>Colida v. Sony Corporation</u>, 93-CV-573 (N.D.N.Y. 1994). In 1996, Plaintiff sued Sony Corporation of America in the Southern District of New York over infringement of the same '184 patent and same two models of Defendant's cellular telephones as those in the 1993 Sony Litigation. <u>Colida v. Sony Corp. of Am.</u>, No. 96-CV-3877 (S.D.N.Y. 1996). Plaintiff sued Sony Ericsson in 2002 in the Eastern District of California for infringement of United States Design Patent D318,050. More recently, Plaintiff sued Defendant in the S.D.N.Y concerning the same patent at issue here, <u>Colida v. Sony Corp. of Am., et al.</u>, Civ. No.04 CV 2093 (RJH), 2005 WL 267231 (S.D.N.Y. 2005), and in the Southern District of California, <u>Colida v. Sony Corp. of Am. et al.</u>, Civ. No. 05-cv-1405 (S.D. Cal. 2005).

[5] Several virtually identical claims by plaintiff against other cellular phone manufacturers have been dismissed on summary judgment. <u>Kyocera Wireless Corp. v. President Elecs., Ltd.</u>, No. 05-CV-797 H(JMA) (S.D.Cal. Sept. 23, 2005), <u>aff'd</u>, <u>Kyocera Wireless Co. v. President Elecs., Ltd.</u>, 2006 WL 1153583 (Fed. Cir. May 2, 2006); <u>Colida v. Sharp Elec. Corp.</u>, No. 03-2889 (D.N.J. Oct. 6, 2004), <u>aff'd</u>, <u>Colida v. Sharp Elecs. Corp.</u>, 125 Fed. Appx. 993 (Fed. Cir. 2005); <u>Colida v. Qualcomm Inc.</u>, 128 Fed. Appx. 765 (Fed. Cir. 2005); <u>Colida v. Sanyo N. Am. Corp.</u>, 118 Fed. Appx. 501 (Fed. Cir. 2004); <u>Kyocera Wireless Corp. v. President Elecs., Ltd.</u>, 116 Fed. Appx. 282 (Fed. Cir. 2004); <u>Colida v. Matsushita Elec. Corp. for Am.</u>, 114 Fed. Appx. 383 (Fed. Cir. 2004); <u>Colida v. Ericsson, Inc.</u>, 93 Fed. Appx. 220 (Fed. Cir. 2004); <u>Colida v. Sony Corp.</u>, 70 F.3d 130 (Fed. Cir. 1995); <u>Colida v. Sony Corp. of Am.</u>, 2005 WL 267231 (S.D.N.Y. Feb. 3, 2005); <u>Colida v. NEC USA, Inc.</u>, 2005 WL 267417 (S.D.N.Y. Feb. 3, 2005), <u>aff'd without opinion</u>, 141 Fed. Appx. 913 (Fed. Cir. 2005).

summary judgment in favor of Sony Ericsson and stated that Plaintiff's allegations of patent infringement bordered "on the vexatious." Colida v. Sony Corp. of Am., et al., Civ. No.04 CV 2093 (RJH), 2005 WL 267231 (S.D.N.Y. Feb. 3, 2005). Defendant argues that res judicata bars Colida from bringing the instant action because the Z-500 is essentially the same product as the Z-600, which Judge Holwell found to be non-infringing. Upon reviewing the applicable case law and the two products, the Court agrees.

## DISCUSSION

The doctrine of res judicata, or claim preclusion, provides that a final judgment in an action precludes the parties from litigating issues that were already litigated or could have been raised in that action. See Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997). In assessing whether res judicata applies, "[i]t must first be determined that the second suit involves the same 'claim'-or 'nucleus of operative fact'-as the first suit." Interoceanica, 107 F.3d at 90 (quoting Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir. 1995)). This determination, in turn, involves consideration of whether the underlying facts are "related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id. at 90-91 (quoting Restatement (Second) of Judgments § 24(b) (1982)).

The Second Circuit narrowly reads the scope of a "claim" for purposes of applying claim preclusion. See Interoceanica, 107 F.3d at 90-92 (citing Foster v. Hallco Mfg. Co., Inc., 947 F.2d 469, 477 n.7 (Fed. Cir. 1991). This view accords with that of the United States Court of Appeals for the Federal Circuit. In Foster, the court held that failure to raise challenges to the validity of a patent in prior litigation does not preclude assertion of those defenses in subsequent litigation involving the same patent, where different products are at issue. See 947 F.2d at 478-79. Furthermore, the relevant inquiry in applying res judicata principles is

whether the claim of infringement is identical, not whether the alleged basis for the claim (i.e., the patent) is the same.  See id.  Thus, "for claim preclusion to apply [where the same patent underlies both lawsuits], the devices in the two suits must be essentially the same."  HCC, Inc. v. R H & M Mach. Co., 39 F. Supp. 2d 317, 323-24 (S.D.N.Y. 1999).  Since the action before Judge Howell involved the Z-600 phone, for claim preclusion to apply, the Z-500 phone at issue must be "essentially the same," or any changes must be merely "colorable" or "unrelated to the limitations in the claims of the patent."  Id. at 1295.

Judge Howell granted summary judgment in favor of Sony Ericsson where Colida alleged that Sony Ericsson's Z-600 cellular phone infringed the '347 patent.  In a detailed comparison of the Z-600 model to Defendant's '347 patent and another of Defendant's patents, Judge Holwell found that the "only conceivable similarity between Plaintiff's patents and the Z-600 phone is the fact that all of the designs may be characterized as flip-phones," and given the clear lack of similarity, admonished that the complaint "border[ed] on the vexatious."[6]  Sony Corp., 2005 WL 267231, at *8.

A comparison of the Z-500 phone and the Z-600 phone reveal that they are "essentially the same" for the purposes of claim preclusion.[7]   Indeed, they are so near identical that Judge Holwell's reasoning as to why the Z-600 does not infringe the '347 patent is equally applicable to the Z-500:

> The features of the '347 patent…create a visual impression that is strikingly dissimilar to the overall appearance of Sony Ericsson's Z-600 phone…[T]he '347 patent's general shape and curvature are quite distinctive when

---

[6] There is nothing novel about flip-phones.  They were already in the marketplace well before Plaintiff's application for these patents.  See Sony Corp., 2005 WL 267231, at *8 n.4.

[7] For diagrams and a comparison of the Z-500 and Z-600 phones, see Def.'s Mot. to Dismiss 21.  Plaintiff has attached a chart demonstrating the purported similarities between the '347 patent and the Z-500 phone, as he did in the Judge Holwell case with the Z-600 phone.  (Pl.'s Am. Contestation of Def.'s Mot. for Summ. J. table 1.)  The chart, however, like the Z-600 chart that Judge Holwell found unconvincing, "acknowledges that none of the features are exactly or even substantially the same, as evidenced by the fact that the description of the '347 patent's features and Z-600 phone's features all diverge in each of the categories listed by plaintiff."  Sony Corp., 2005 WL 267231, at *3, n.3.

> compared to the thin and consistently flat shape of each halves of the Z-600 phone. In contrast to the '347 patent, the upper half of the Z-600 phone is covered almost entirely by an LCD color display that is an elongated rectangular shape with the Sony Ericsson logo above it. Unlike the '347 patent, the keypad contained on the bottom half of the Z-600 phone provides a large, circular navigation button near the hinge, as well as four smaller volume buttons of various shapes. The '347 patent, however, provides 21 keys of the same size and shape on the bottom half of the phone. Moreover, while the rear of the '347 patent is featureless and rectangular, the rear of the Z-600 phone is designed to include an external display, camera and the Sony Ericsson trademark and logo. Ultimately, the only conceivable similarity between plaintiff's patents and the Z-600 phone is the fact that all of the designs may be characterized as flip-phones. Nevertheless, it cannot be said by any measure that the resemblance "is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." Gorham Mfg. Co. v. White, 81 U.S. 511, 528 (1871).

Sony Corp., 2005 WL 267231, at *3-4 (internal citations omitted). The minuscule difference between the Z-500 and Z-600 involves the location of the LCD screen and camera on the outside of the phones. The '347 patent contains neither camera nor LCD features, however, and so the changes from the Z-600 to the Z-500 phone are "unrelated to the limitations in the claims of the patent," and do not prevent the application of claim preclusion. See Hallco Mfg. Co., Inc. v. Foster, 256 F.3d 1290, 1294 (Fed. Cir. 2001). Plaintiff has already had a full and fair opportunity to litigate his "claim" against a product which is essentially the same as the Z-500 model phone. Accordingly, the doctrine of res judicata precludes him from litigating issues in this action that were previously adjudicated.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Clerk of the Court is directed to close this case.

Dated: New York, New York
October 26, 2006

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

5

*Copies Mailed To:*

**Tony Colida**
750 Montpelier, #1210
St-Laurent, Quebec H4L 5A7 Canada

**John Flock/Michelle Mancino/Amy Feinsilver Bersh**
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004